UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0152-SEB-TAB-1 |
| | ) | |
| MARK NELSON, | ) | - 07 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 19, 2017, 2017, and a supplemental petition filed on November 7, 2017 (collectively, "Petition") and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on November 15, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 15, 2017, defendant Mark Nelson appeared in person with his appointed counsel, William Dazey. The government appeared by Michelle Brady, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Nelson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Nelson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition had been provided to Mr. Nelson and his counsel, who informed the court they had reviewed the Petition and that Mr. Nelson understood the violations alleged. Mr. Nelson waived further reading of the Petition. The court summarized the allegations of the Petition.

3. The court advised Mr. Nelson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Nelson was advised of the rights he would have at a preliminary hearing. Mr. Nelson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Nelson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Nelson orally waived the right to a preliminary hearing in open court, which the court accepted.

5. The court advised Mr. Nelson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear. The court asked Mr. Nelson questions to ensure he was making his decision to admit the violations knowingly and voluntarily.

6. Mr. Nelson, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, 6, 7, and 8 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential reentry center for the first 4 months of supervised release. You shall abide by the rules and regulations of the facility."** |

As previously reported to the Court, since Mr. Nelson arrived at the residential reentry center (RRC) on December 21, 2016, he failed to comply with all facility rules and regulations. On January 4, 2017, Mr. Nelson returned to the RRC 27 minutes late. On January 5, 2017, Mr. Nelson returned to the RRC one hour and 20 minutes late. Also on January 5, 2017, an incident report was prepared when Mr. Nelson walked around a RRC staff member and through the doors leading into the administrative hallway without permission. Staff had to instruct Mr. Nelson several times before he stopped and returned to the lobby. On January 15, 2017, Mr. Nelson failed to provide verification upon returning from an approved pass. On February 2, 2017, Mr. Nelson tested positive for alcohol. On February 7, 2017, Mr. Nelson returned to the RRC one hour late, and tested positive for alcohol. On February 7, 2017, it was discovered by RRC staff that Mr. Nelson's job assignment had ended on February 1, 2017; however, on February 2, 3, 4, and 6, 2017, Mr. Nelson continued to sign out of the RRC for employment. As such, his whereabouts were unaccounted for during that time. In addition, on March 6, 2017, at 2:58 a.m., this officer received an email regarding a law enforcement inquiry on the offender. After further investigation, it was determined he had requested a pass from the RRC on March 5, 2017, at 7:38 p.m. in order to go to the emergency room due to stomach pains. After returning to the RRC, which was not until 3:48 a.m. on March 6, 2017, the offender failed to provide any hospital discharge documentation. After further investigation and questioning by the RRC staff, the offender finally admitted he rode to the hospital with a female acquaintance and remained in the parking lot where they had sex. This would be consistent with the time-frame when the law enforcement inquiry was initiated at 2:58 a.m. on March 6, 2017.

Mr. Nelson was employed while at the RRC; however, he had failed to pay subsistence as required.

| 2 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |
|---|---|

As previously reported to the Court, Mr. Nelson failed to notify the probation officer regarding law enforcement contact on March 6, 2017.

| 3 | **"The defendant shall not commit another federal, state or local crime."** |
|---|---|

On July 11, 2017, at 1:43 a.m., Mr. Nelson received a citation by the Indiana State Police for the offense of count one, driving while suspended (prior within 10 years), and count two, none or improper license plate light/tail lights. It should be noted that as of this date, there has been no official filing of this case in Marion County Superior Court.

| 4 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |
|---|---|

Mr. Nelson failed to report for scheduled drug screens on June 9, 10, 11, 12, and 19, July 6, August 10, September 2, 3, 4, and 11, and October 13, 14, 15, and 16, 2017.

| 5 | **"You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."** |
|---|---|

On October 12, 2017, Mr. Nelson was verbally instructed by this officer to report to the probation office on Monday, October 16, 2017, at 11:00 a.m. Mr. Nelson failed to report and did not contact this officer as to why he would not be able to report as instructed.

| 6 | **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."** |
|---|---|

On April 4, 2017, Mr. Nelson attended his first MRT class. On May 9, and 30, 2017, Mr. Nelson failed to report for the class citing child care issues. On July 18, August 1, and 8, 2017, Mr. Nelson arrived late to class. On August 29, and September 5, 2017, Mr. Nelson failed to attend his scheduled class. On September 12, 2017, Mr. Nelson arrived approximately 30 minutes late for class. Mr. Nelson was informed he would be removed from MRT class effective September 12, 2017, for noncompliance and the Court would be notified accordingly.

| 7 | "The defendant shall refrain from any unlawful use of a controlled substance." |
|---|---|
|   | On October 17, 2017, Mr. Nelson provided a urine specimen which tested positive for cocaine. He admitted using cocaine. October 23, and 25, 2017, Mr. Nelson provided urine specimens which confirmed positive for cocaine by Alere Laboratory. |
| 8 | "You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment.  Testing may include no more than 8 drug tests per month.  You shall not attempt to obstruct or tamper with the testing methods." |
|   | Mr. Nelson failed to report for scheduled drug screens on October 24, 29, 30, and November 6, 2017. |

7.  The court placed Mr. Nelson under oath and directly inquired of Mr. Nelson whether he admitted violations 1, 2, 3, 4, 5, 6, 7, and 8 of his supervised release set forth above. Mr. Nelson admitted the violations as set forth above.

8.  The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 7) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Nelson's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Coleman's supervised release, therefore, is 4 - 10 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.  The government argued for a sentence within the guidelines with twenty-four (24) months of supervision to follow.  The defendant argued for release.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, MARK NELSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of four (4) months with twenty-two (22) months of

supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release (*see* Dkt. 302-3) will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer. Justification: This condition is an administrative requirement of supervision

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification:

This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. Justification: This condition is recommended to assist the probation officer in supervising the offender and ensure the safety of the community. Due to Mr. Nelson's criminal history, the aforementioned conditions are prudent.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is recommended to assist the probation officer in supervising the offender and ensure the safety of the community. Due to Mr. Nelson's criminal history, the aforementioned condition is prudent.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment. Justification: This condition will require him to invest into his rehabilitation.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Justification: This condition will address the defendant's history of substance abuse.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will address the defendant's history of substance abuse.

18. You shall not use or possess alcohol. Justification: This condition will address the defendant's history of substance abuse and ensure compliance with a drug-free lifestyle.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a

person's physical or mental functioning, whether not intended for human consumption. Justification: This condition will help ensure compliance with a drug-free lifestyle.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: The offender has a history of drug use, drug distribution, and possessing a firearm. This condition will assist the probation officer in monitoring compliance and protection of the community.

21. You shall not be a member of any gang or associate with individuals who are members. Justification: This condition is recommended based upon the offender's criminal history.

23. You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program. Justification: Based on the offender's previous decision making and subsequent noncompliance, the program promotes positive self-image and identity, helps learn positive social behaviors and beliefs, and assists in making decisions from higher levels of moral judgment.

Defendant Nelson reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and

recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Nelson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Nelson's supervised release, imposing a sentence of imprisonment of four (4) months with twenty-two (22) months of supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 11/29/2017

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system